**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE PROCTOR AND GAMBLE COMPANY, | : | |
|     Plaintiff | : | MISCELLANEOUS CASE NUMBER: |
| | : | |
| v. | : | _____ |
| | : | |
| BE WELL MARKETING, INC. | : | |
|     Defendant | : | |

### *THIRD PARTY ADHESIVES RESEARCH, INC.'S MOTION FOR A PROTECTIVE ORDER OR TO QUASH SUBPOENA*

AND NOW, comes Third Party Adhesives Research, Inc., and files this Motion for a Protective Order or to Quash Subpoena and in support thereof, avers as follows:

1. The parties captioned above are currently engaged in a patent infringement litigation in the United States District Court for the Southern District of Ohio – Western Division and docketed at 1: 12 cv 264.

2. In the course of that litigation, Plaintiff requested that certain documents be produced by Defendant related to its dealings with Third Party Adhesives Research, Inc.

3. To reduce the underlying suit down to its simplest terms, Plaintiff Proctor & Gamble Company alleges that Defendant Be Well Marketing infringed on two patents relative to teeth whitening products. These patents are referred to as the "017 patent" and the "199 patent." Adhesives Research, Inc. provides manufacturing services to Be Well Marketing, Inc. for the production of its whitening product.

4. Counsel for Be Well Marketing, Inc. was able to secure documents thought to be responsive to the request of Proctor & Gamble Company related to the subject matter of the suit. It is the position of Adhesives Research, Inc. that this production provides the Proctor &

Gamble Company with all relevant information within the scope of discovery related to the underlying suit.

5. Those documents were produced under cover of a letter dated October 24, 2012. A true and correct copy of the October 24, 2012 cover letter is attached hereto as **Exhibit A**.

6. The documents produced are not attached hereto, since they are numerous (over 400 pages) and confidential, but would be made available to the Court for in camera review or filing under seal due to the sensitive nature of the content of those documents.

7. Suffice to say, these produced documents contained numerous redactions which Adhesives Research, Inc. submits are necessary to protect its own trade secret protected manufacturing information and processes.

8. Moreover, and most importantly, the manufacturing processes are not the subject of the underlying patent infringement suit.

9. As such, it is the position of Adhesives Research, Inc. that the redactions were appropriate, that producing the un-redacted documents would require divulging trade secrets to a competitor, and that these trade secrets are in no way relevant to the underlying claims of the Proctor & Gamble Company.

10. Ultimately, however, the production of documents with redactions did not satisfy the Proctor & Gamble Company.

11. As a result, the Proctor & Gamble Company retained local counsel, Gordon Einhorn, Esquire of Thomas, Thomas & Hafer, LLP (located in Harrisburg, PA) and issued a subpoena upon Adhesives Research, Inc.  A true and correct copy of the subpoena with exhibit is attached hereto as **Exhibit B**.

12.     It is submitted that the requested documents in the subpoena seek un-redacted information from Third Party Adhesives Research which is trade secret protected and not relevant to the underlying patent infringement claims.  Adhesives Research, Inc. manufactures only the basic material from which the final "Accused Product" is made.  Specifically, Adhesives Research, Inc. creates a coated adhesive product that contains the active ingredient that is shipped in log rolls of either 27"x 1500' or 9"x1500'.  These log rolls are shipped to Plitek (the converter and packager that Be Well Marketing uses).  Plitek then converts (i.e. die cuts or a similar method) the log rolls into the size and shape of individual strips and then packages them for shipment into the marketplace.  Adhesives Research, Inc. does not have anything to do with how the log rolls are cut or the appropriate dosage size, what the finished product specification is for the "final" product, or how the finished product is packaged, labeled or marketed.

13.     Further, while there is a generalized Protective Order issued by the sitting judge in the underlying Ohio litigation, the same does not make findings as to what materials should or should not be produced.  A true and correct copy of the Protective Order is attached hereto as **Exhibit C**.

14.     With a production deadline of November 26, 2012, at 9:00 a.m., Adhesives Research, Inc. retained Johnson, Duffie, Stewart & Weidner, P.C. to attempt to negotiate a resolution with counsel for the Proctor & Gamble Company concerning compliance with the subpoena.

15.     Counsel for Proctor & Gamble Company graciously granted a one week extension to the subpoena compliance date in light of the recent Thanksgiving holiday.  As such, the responsive deadline is now December 3, 2012.

16.     However, after consultation, it has been determined that Adhesives Research, Inc. cannot disclose the trade secret manufacturing information to a competitor when this

information is outside the scope of discovery and has no relation to the claims made in the underlying suit.

17. Wherefore, the instant Motion is timely filed pursuant to F.R.C.P. 45(c)(3) and Adhesives Research, Inc. asks this Court to quash the subpoena or enter a protective order finding that the documents produced to Proctor & Gamble Company are appropriate with respect to the subpoena.

18. Specifically, and to avoid any confusion, the following responses to the subpoena have been supplied by Adhesives Research, Inc. to the attached subpoena:

A. Document Request No. 1: No documents provided, since Adhesives Research, Inc. did not provide the Accused Products.

B. Document Request No. 2: Documents provided.

C. Document Request No. 3: Documents provided with redactions as to manufacturing processes.

D. Document Request No. 4: Documents provided with redactions as to manufacturing processes.

E. Document Request No. 5: No documents provided, because Adhesives Research, Inc. does not provide the finished Accused Products.

F. Document Request No. 6: Documents provided.

G. Document Request No. 7: Documents provided.

H. Document Request No. 8: Documents provided with redactions as to manufacturing processes.

I. Document Request No. 9: No documents provided relating to the Accused Products (information relating to Adhesives Research's quality work is interspersed in the other documents provided).

J. Document Request No. 10. Documents provided with redactions as to manufacturing processes.

K. Document Request No. 11. No documents, because Adhesives Research, Inc. does not manufacture the finished Accused Products.

L. Document Request No. 12. Documents provided.

M. Document Request No. 13. No responsive documents possessed by Adhesives Research, Inc.

N. Document Request No. 14. No samples provided as they would need to be maintained in a refrigerated state. If Proctor & Gamble Company, at their cost, would make arrangements for refrigerated transport, Adhesives Research, Inc. would provide a sample.

O. Document Request No. 15. No documents, because Adhesives Research, Inc. does not manufacture the finished Accused Products.

P. Document Request No. 16. Adhesives Research, Inc. has provided information regarding its business relationship with Be-Well Marketing, although this question goes to the manufacture of the final Accused Products (which Adhesives Research, Inc. does not manufacture).

Q. Document Request No. 17: Documents provided.

R. Document Request No. 18: No documents responsive to this request in the possession of Adhesives Research, Inc.

S. Document Request No. 19: Documents provided with redactions as to manufacturing processes. Some of these are the letters of Be-Well's counsel with respect to their opinion as to the freedom-to-operate of Be-Well with respect to the patent landscape.

T. Document Request No. 20: Some of the documents already provided may be responsive to this.

U. Document Request No. 21: Documents provided.

V. Document Request No. 22: Adhesives Research, Inc. does not have documents relating to the "Accused Products" because Adhesives Research, Inc. does not make the "Accused Products" as defined in the subpoena. Any documents that Adhesives Research has that would relate to "Accused Products" would be included in the other documents produced.

W. Document Request No. 23: No documents provided. Adhesives Research, Inc. considers its raw material suppliers to be its commercial trade secret. However, some of the raw materials/ingredients that have been specified by Be Well Marketing (and that are listed in various documents Adhesives Research, Inc. has produced) may be supplier specific based on their trade name.

WHEREFORE, and for the reasons indicated in the accompanying Brief In Support of Motion for Protective Order, Adhesives Research, Inc. respectfully requests that this Honorable Court grant this Motion for a Protective Order and quash the subpoena attached hereto as Exhibit B.

    Respectfully submitted,

    JOHNSON, DUFFIE, STEWART & WEIDNER

    By: /s/ Elizabeth D. Snover
        Elizabeth D. Snover
        I.D. # 200997
        John A. Statler
        I.D. #: 43812
        301 Market Street
        P.O. Box 109
        Lemoyne, PA  17043-0109
        Attorneys for Third Party Adhesives
        Research, Inc.

Date:   November 28, 2012
:526574

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Motion for A Protective Order or to Quash Subpoena of Third Party Adhesives Research, Inc.* has been duly served upon the following parties/counsel of record, via electronic mail and by depositing the same in the United States Mail, postage prepaid, in Lemoyne, Pennsylvania, on November 28, 2012:

Daniel P Carter, Esquire
Buckley King LPA
1400 Fifth Third Center
600 Superior Avenue East
Cleveland, OH 44114-2652
carter@buckleyking.com
*Counsel for Be Well Marketing, Inc.*

Susan M Gerber, Esquire
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114
smgerber@jonesday.com
*Counsel for the Proctor & Gamble Company*

Gordon Einhorn, Esquire
Thomas, Thomas & Hafer, LLP
305 N. Front Street
Harrisburg, PA 17108
geinhorn@tthlaw.com
*Local Counsel for Proctor & Gamble Company*

JOHNSON, DUFFIE, STEWART & WEIDNER

By: /s/ Elizabeth D. Snover
    Elizabeth D. Snover
    I.D. # 200997
    John A. Statler
    I.D. #: 43812
    301 Market Street
    P.O. Box 109
    Lemoyne, PA  17043-0109
    Attorneys for Third Party Adhesives Research, Inc.